|  |  |
|---|---|
| 49 | 117 |
| 123a | 57 |

---

LYDIA A. ROBERTS, APPELLANT; *v.* STUYVESANT SAFE DEPOSIT COMPANY OF THE CITY OF NEW YORK, RESPONDENT.

*Safe deposit company — duty of, where a search warrant is issued to obtain property in its possession — responsibility for the manner in which the warrant is executed — notice to the owner that his property has been taken.*

The defendant, a safe deposit company in the city of New York, had on deposit a box containing securities placed in its custody by the plaintiff. While thus in possession thereof, a captain of the police of the city of New York, charged with the execution of a search warrant issued by the recorder of that city, directing a search to be made in the box of the plaintiff so deposited with the defendant, presented himself at the place of business of the defendant, and, exhibiting his warrant, demanded admission to the defendant's vault and access

to the plaintiff's box, in which, as the warrant charged, were concealed, as was supposed, certain United States bonds.

The officer insisting upon his rights, after some discussion, admission was granted to him by the defendant's servants, and he, with his assistants, broke open the plaintiff's safe, opened the tin box on deposit therein, and took therefrom and carried away the bonds, money and securities which they found therein and delivered the same to the district attorney of the city of New York; none of which property so taken from the plaintiff's box, with the exception of the United States bonds, was described in the search warrant.

*Held,* that while it was the duty of the defendant to guard the safe and its contents against the approaches or attacks of others who had no legal right to open it or interfere with its contents, and any negligent omission of reasonable care in this regard, and any failure to supply proper means and agencies to protect and guard the property against illegal approach, would be a breach of the duty which it owed to the plaintiff, yet the defendant was not bound to resist the officers of the law in the execution of the warrant which they held; that such resistance would not only have been useless, but would also have been criminal.

That the defendant was in nowise responsible for the manner in which the officers of the law executed the process intrusted to them, and that if such officers acted in excess of the warrant which they held in taking away property not described in the warrant, the defendant could not be held responsible for the trespass which it was powerless to prevent. (DANIELS, J., dissenting.)

That, conceding that the defendant was bound to notify the plaintiff of the fact that her property had been taken from it, so that the plaintiff might pursue and recover her property; that it not appearing that the plaintiff had lost any rights or had sustained any damage by this omission of the defendant that she could not recover damages because of such omission on its part.

APPEAL from a judgment dismissing the plaintiff's complaint, entered after a trial by the court, without a jury.

The defendant was a safe deposit company in the city of New York, and had on deposit a box containing securities, placed in its custody by the plaintiff. While thus in possession thereof, a captain of the police of the city of New York, charged with the execution of a search warrant issued by the recorder of that city, directing a search to be made in the box of the plaintiff so deposited with the defendant, presented himself at the place of business of the defendant, and exhibiting his warrant, demanded admission to the defendant's vault and access to the plaintiff's box, in which, as the warrant charged, were concealed, as was supposed, certain United States bonds.

The officer insisting upon his rights, after some discussion, admission was granted to him by the defendant's servants, and he, with

his assistants, broke open the plaintiff's safe, opened the tin box on deposit therein, and took therefrom and carried away the bonds, money and securities which they found therein and delivered the same to the district attorney of the city of New York; none of which property so taken from the plaintiff's box, with the exception of the United States bonds, was described in the search warrant.

*Ira Shafer*, for the appellant.

*Joseph C. Jackson* and *Charles E. Miller*, for the respondent.

Van Brunt, P. J.:

It may not be necessary to add anything to what has been said in his opinion by the learned judge who tried the cause in the court below. In this opinion has been clearly defined the rights and obligations of the parties arising from the hiring of the safe from which the securities in question were taken. It is there stated that it was the duty of the defendant to guard the safe and its contents against the approaches or attacks of others, who had no legal right to open it or to interfere with its contents; that any negligent omission of reasonable care in this regard, any failure to supply proper means and agencies to protect and guard the property against illegal approach, would be a breach of the duty and obligation which the defendant owed to the plaintiff as a hirer of a safe. The only question is, have the defendants violated any of these obligations.

When the officer of the law arrived, and with the authority of the law, demanded admission to the premises where the safe hired by the plaintiff was situated, in case such admission was refused the officer not only had the right to break his way into the premises, but the persons refusing admittance and resisting the officer in the execution of his duty would have been guilty of a misdemeanor, and punishable therefor in the manner prescribed by law.

The officers and employees of the defendant were not bound to resist the officers of the law in the execution of the warrant which they held, not only because such resistence would have been useless, but it would also have been criminal. With the manner in which the officers of the law executed the process intrusted to them, the defendant had nothing to do. They broke open the safe of the plaintiff and took away the property found therein, and if they acted in excess

of the warrant which they held in taking away property not described in the warrant, the defendant cannot be held responsible for the trespass which these officers committed, and which the defendant was powerless to prevent.

But it is said that the defendant should have notified the plaintiff so that she could have pursued her property. Conceding that the defendant was bound to do so and that it failed in this duty, how has the plaintiff been damaged by this omission. Within a short time after this seizure the plaintiff was made aware of it, and for two years thereafter the property remained in the hands of different officers of the law. The plaintiff then had notice in ample time to assert her rights and to reclaim the property taken, and she lost no rights whatever by the failure of the defendant to give her prompt notice. Not having lost any rights, she has not sustained any damage by this omission of the defendant. We are of the opinion, therefore, that for the foregoing reasons and those stated in the opinion of the court below, that the defendant has not failed in any duty or obligation which it owed to the plaintiff whereby she has sustained any loss or damage.

We do not express any opinion as to the effect of the attachments levied, or attempted to be levied, on this property, as it does not seem to be necessary in view of the conclusion at which we have arrived in reference to the first branch of the case.

The judgment appealed from should be affirmed, with costs.

BRADY, J.:

When the officer, in performance of his duty, seized the box, and by violence, the defendant was absolved from all obligations and was only liable for what was not taken away. The defendants are not required to combat persons representing the administrative power of the county or State. It is only when their possession is complete, lawfully so, that they continue to be liable.

I concur in the views of the presiding justice.

DANIELS, J. (dissenting):

The case was disposed of at the trial on the ground that the seizure of the securities, under the search warrant, excused the defendant and relieved it from liability. But the attachment of the securities by the sheriff was a fact, going no further than to

mitigate the damages in case a liability existed. If the suit had been decided on this ground the plaintiff would have recovered something even if it had been no more than nominal damages, if the court considered the defendant liable at all. The controlling view of the case must, therefore, have been that the defendant was not liable under the facts presented by the proof. But this conclusion does not follow from the fact that the officer acted under a search warrant. For the warrant authorized the seizure of no more of the plaintiff's property than the thirteen one thousand five twenty United States bonds. He had no warrant or authority to take either the money or other securities in the box, and took them only for the reason that it was unsafe to leave them exposed and unprotected as they would have been, after the deposit safe and the box containing the money and the other securities had been broken into and demolished. As to this money and these securities the officers of the defendant were legally bound to interpose for the plaintiff's protection. While they neither could, nor should have prevented the execution of the search warrant, they should have taken charge of and secured for the plaintiff the money and property that warrant did not direct the officer to take, and which he did not design to take under the warrant. The officers of the company owed the plaintiff the duty of exercising care for the protection and preservation of her property. And if they had performed that duty, as they should have done, they would have acquainted themselves with the contents and authority of the warrant, and at least have remonstrated against anything being taken beyond the mandate of the warrant, by the officer executing it, which would, without doubt, have resulted in all the money and the other securities being left in the custody of the company, whose duty it was to secure and preserve it for the plaintiff. The officers of the company wholly omitted the observance of that duty. And when the officer having the warrant to execute attempted to obtain the property and make the seizure his warrant authorized him to make, they abandoned the whole of the property to him, leaving him to do what they should have done themselves, which was to act as the custodians and preservers of all the property contained in the box and not mentioned in the warrant. The principle on which this part of the case

depends is important. And if it is not enforced against the defendant the safety and utility of safe deposit companies must, in a great degree, be undermined and impaired. While their officers are bound to submit to the mandates of legal authority they are still, as custodians of the depositors property, bound to use care and diligence to see that the authority is not transcended and made a pretense only for spoliation and plunder. That the defendant's officers failed in this case to do, and so far as the plaintiff sustained loss as the sole result of that failure, she should have been allowed to recover. And to give her the opportunity still to do so, the judgment should be reversed, and a new trial ordered.

Judgment affirmed, with costs.